**MEMORANDUM ENDORSEMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/2021

Marri Furk v. Orange-Ulster Boces, et al

15-cv-6594 (NSR)

The Court reviewed Plaintiff's former counsel Michael Diederich's ("Diederich") letters: (1) dated July 1, 2021, seeking to compel disclosure of any settlement or anticipated settlement (ECF No. 90); (2) dated July 13, 2021, requesting permission to make an application to honor Michael Diederich's charging lien, to make a charging lien application, and to restore ECF status (ECF No. 91); and (3) dated July 17, 2021, moving for attorney's fees and for restored ECF status (ECF No. 92).

Diederich's motion to compel (ECF No. 90) is denied as moot. Diederich's motion for permission to move (ECF No. 91) is granted. The Court waives the pre-motion conference requirement and grants Diederich leave to file his proposed charging lien application with the following briefing schedule: Diederich's moving papers shall be served (**not filed**) on or before August 13, 2021; Plaintiff's opposition papers shall be served (**not filed**) on or before September 3, 2021; Diederich's reply papers shall be served on or before September 10, 2021. **All motion documents shall be filed on the reply date, September 10, 2021.** The parties are directed to mail two courtesy copies of their motion documents to Chambers as they are served. Diederich's motion for attorney's fees is denied, without prejudice, to be re-filed on the reply date. Diederich's motion for restored ECF status is granted.

The Clerk of the Court is kindly directed to terminate the motions at ECF No. 90, 91, and 92, and to restore Diederich as an attorney to be noticed in this action on ECF.

Dated: July 20, 2021
      White Plains, NY

SO ORDERED.

_____

Nelson S. Román, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
MARRI FURK,

                      Plaintiff,

-against-

ORANGE-ULSTER BOCES,

                      Defendant.
---------------------------------------------------------

**NOTICE OF MOTION
TO ENFORCE ATTORNEY'S
CHARGING LIEN**

15 Civ. 06594 (NSR)

    PLEASE TAKE NOTICE that the, upon the accompanying Declaration of Michael Diederich, Jr., his Memorandum of Law, and the accompanying exhibits, Attorney Michael Diederich, Jr. will move this Court at the U.S. Courthouse, 40 Foley Square, New York, New York, before the Hon. Nelson S. Román, USDJ, on the **13th day of August, 2021**, at 10:00 o'clock in the forenoon or as soon thereafter as this matter can be heard, for an order:

a) Honoring and enforcing Attorney Diederich's "charging lien" in the sum of $28,925.00, and directing that the Defendants pay directly to Attorney Diederich said amount (or such amount as the Court may direct) out of proceeds otherwise due Plaintiff Marri Furk as a result of the settlement of this action;

b) Restoring Attorney Diederich as an attorney to be "noticed" on ECF as to filings herein,

c) together with such other and further relief as this Court may deem just and equitable.

Dated: Stony Point, New York
        July 17, 2021

                                            _____/S/_____
                                            MICHAEL D. DIEDERICH, JR.   MD2097
                                            *Plaintiff's Prior Counsel of Record & Lienholder*
                                            361 Route 210
                                            Stony Point, NY 10980
                                            (845) 942-0795  Mike@DiederichLaw.com

TO: Bernard Weinreb, Esq.
     *Attorney for Plaintiff*
        via boruchw@cs.com & *ECF*
     Adam Rodd, Esq.
     *Attorney for Defendant*
        via *arodd@drakeloeb.com*

# MICHAEL D. DIEDERICH, JR.
*Attorney at Law*
**361 Route 210**
**Stony Point, NY 10980**
**(845) 942-0795**
**(845) 942-0796 (fax)**
Mike@DiederichLaw.com

*via facsimile & ECF*
(914) 390-4179

July 13, 2021

Hon. Nelson S. Román, USDJ
U.S. District Court
300 Quarropas Street, Courtroom 218
White Plains, NY 10601

      Re: *Furk vs. Orange Ulster BOCES,* 15 Civ. 06594 (NSR)—
      Request for Leave to File Charging Lien Application by former attorney M. Diederich

Dear Judge Román:

    As Plaintiff's <u>former</u> counsel, I wrote the Court on July 1st in relation to my charging lien in this case.

    Late yesterday, I received from Plaintiff's counsel, Mr. Weinreb, some information relating to compensation to Plaintiff in a settlement or proposed settlement. Based upon what I received, I suspect that amicable resolution of my charging lien will not be possible. I expect that any negotiations in this regard will be concluded within a week after my return from vacation on July 24th.

    Therefore, I request the Court's permission (if permission is needed) to file an application to enforce my charging lien in this case. I request that the Court allow me to file my charging fee application on or before August 13, 2021; that Ms. Furk be allowed three weeks to oppose my charging fee application, and that I be allowed one week to reply.

    Because I was terminated as an attorney in this case, I no longer receive ECF notifications. Therefore, I also request that the Court direct the Clerk to restore me as a "noticed" attorney in this action, so that I can receive ECF notices/case status in this lawsuit.

    The Court's consideration is appreciated.

                                            Respectfully submitted,
                                                  /S/
                                            Michael D. Diederich, Jr.

cc: Bernard Weinreb, Esq.
    *Attorney for Plaintiff*
      *via* boruchw@cs.com *& ECF*
    Adam Rodd, Esq.
    *Attorney for Defendant*
      *via* arodd@drakeloeb.com *& ECF*

**MICHAEL D. DIEDERICH, JR.**
*Attorney at Law*
**361 Route 210**
**Stony Point, NY 10980**
**(845) 942-0795**
**(845) 942-0796 (fax)**
Mike@DiederichLaw.com

*via facsimile & ECF*
(914) 390-4179

July 1, 2021

Hon. Nelson S. Román, USDJ
U.S. District Court
300 Quarropas Street, Courtroom 218
White Plains, NY 10601

       Re: *Furk vs. Orange Ulster BOCES,* 15 Civ. 06594 (NSR)—
       Charging Lien of Plaintiff's former attorney Michael Diederich, Jr., Esq.

Dear Judge Román:

    I am former counsel of record to Plaintiff Marri Furk. Ms. Furk discharged me after I undertook considerable work in this federal action. Her present attorney, Bernard Weinreb, Esq., took over the case.

    When I was discharged as Plaintiff's counsel, I indicated to all counsel and the Court that I was asserting a charging lien in this matter under N.Y.S. Judiciary Law § 475. As the Second Circuit has instructed:

> "[a] charging lien, although originating at common law, is equitable in nature, and the overriding criterion for determining the amount of a charging lien is that it be 'fair.'"

*See*, *Sutton v. N.Y.C. Transit Auth.*, 462 F.3d 157, 161 (2d Cir. 2006) (*internal citations omitted*). The Second Circuit honors the N.Y.S. Judiciary Law § 475 codification of the common law. Section 475 states, in pertinent part, as follows:

> From the commencement of an action … in any court … the attorney who appears for a party has a lien upon his or her client's cause of action . . . which attaches to a . . . settlement [] in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien."

*See also, Fontana v. Republic of Arg.*, 962 F.3d 667, 673-74 (2d Cir. 2020). For the Court's convenience, I include some additional law related to charging liens in Attachment 1.

    I have sought to amicably resolve my charging lien with Mr. Weinreb and opposing

counsel. However, both are unwilling to provide me with any idea of the amount of Plaintiff's recovery (against which my lien is asserted). Without knowing the amount of the settlement (or proposed settlement), it is obviously impossible for me to form any opinion as to what a "fair" amount of my charging lien might be.

Apparently, Mr. Weinreb and opposing counsel require this Court's authorization as to disclosure. With disclosure of the amount of Plaintiff's recovery or expected recovery, I will be able to either amicably negotiate a settlement of my charging lien with Mr. Weinreb, or if unsuccessful in that, make application to the Court to establish the amount of the lien.

Accordingly, I hereby request that the Court direct counsel to provide me with the dollar amount of the settlement or proposed settlement in this case. I hereby provide assurance that I will keep such disclosure confidential.

The Court's consideration is appreciated.

                                            Respectfully submitted,

                                            /S/
                                        Michael D. Diederich, Jr.

cc:  and ECF
    Bernard Weinreb, Esq.
    *Attorney for Plaintiff*
      via boruchw@cs.com *& ECF*

    Adam Rodd, Esq.
    Attorney for Defendant
      via arodd@drakeloeb.com *& ECF*

<u>Attachment</u>

# Attachment 1

A charging lien "does not merely give an attorney an enforceable right against the property of another, it gives the attorney an equitable ownership interest in the client's cause of action" and gives the attorney "a vested property right created by law." *LMWT Realty Corp. v. Davis Agency*, 649 N.E.2d 1183, 1186 (N.Y. 1995) (internal citation omitted). The Second Circuit explained the rationale behind charging liens as follows:

> New York's statutory charging lien, *see* N.Y. Judiciary Law § 475 (McKinney 1983), is a device to protect counsel against "the knavery of his client," whereby through his effort, the attorney acquires an interest in the client's cause of action. *In re City of New York,* 157 N.E.2d 587, 590 (N.Y. 1959) (internal citations omitted). The lien is predicated on the idea that the attorney has by his skill and effort obtained the judgment, and hence "should have a lien thereon for his compensation, in analogy to the lien which a mechanic has upon any article which he manufactures. *Williams v. Ingersoll,* 89 N.Y. 508, 517 (1882).

*Butler, Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 177 (2d Cir. 2001).

The threshold question for determining entitlement to a charging lien is whether the discharge of an attorney invalidates the attorney's right to funds. "Under New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services." *Melnick v. Press*, No. 06-CV-6686 (JFB) (ARL), 2009 WL 2824586, at *2 (E.D.N.Y. Aug. 28, 2009) (citing N.Y. Jud. Law § 475). The charging lien is enforceable "as long as the attorney . . . is not discharged for 'good cause.'" *Pettiford v. City of Yonkers*, 14 Civ. 6271 (JCM), 2020 WL 1331918, at *3 (S.D.N.Y. Mar. 20, 2020) (quoting *Stair v. Calhoun*, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010)). "'Courts typically find a discharge 'for cause' where there has been a significant breach of legal duty.'" *Antonmarchi v. Consol. Edison Co. of New York*, 678 F. Supp. 2d. 235, 241 (S.D.N.Y. 2010) (internal citations omitted).