**MEMORANDUM ENDORSEMENT**

Furk v. Orange-Ulster Boces

15-cv-6594-NSR

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __09/17/2021__

The Court has reviewed Mr. Diederich's letter dated September 10, 2021 requesting the Court strike Plaintiff's opposition papers, and Plaintiff's letters dated September 13, 2021 and September 15, 2021 requesting the Court accept her cross-motion as her opposition to Mr. Diederich's motion and grant her leave to file a new motion. Plaintiff's requests are GRANTED. The cross-motion will be accepted as her opposition to Mr. Diederich's motion. Plaintiff may file the proposed motion pursuant to the following briefing schedule: Plaintiff's motion shall be served (not filed) on October 18, 2021; Mr. Diederich's opposition papers shall be served (not filed) by November 17, 2021; Plaintiff's reply shall be served by December 2, 2021.

All motion documents shall be filed on the reply date, December 2, 2021. The parties are to provide two courtesy copies of their motion papers as they are served.

The Court respectfully directs the Clerk of Court to terminate the motions at ECF Nos. 98, 99 & 106, and modify the viewing level for Plaintiff's Memorandum of Law in Opposition to Mr. Diederich's Application for Enforcement of the Charging Lien (ECF No. 101), and the Declaration of Bernard Weinreb (ECF No. 100) to the Selected Parties viewing level, with counsel for Plaintiff, Mr. Diederich, and Court personnel only having access.

Dated: September 17, 2021
      White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

MEMO ENDORSED

# MICHAEL D. DIEDERICH, JR.
*Attorney at Law*
**361 Route 210**
**Stony Point, NY 10980**
**(845) 942-0795**
**(845) 942-0796 (fax)**
Mike@DiederichLaw.com

*via facsimile & ECF*
 (914) 390-4179

September 10, 2021

Hon. Nelson S. Román, USDJ
U.S. District Court
300 Quarropas Street, Courtroom 218
White Plains, NY 10601

      Re: *Furk vs. Orange Ulster BOCES,* 15 Civ. 06594 (NSR)—
      <u>Motion to Strike Opposition to Motion for Charging Lien; and to direct restoration of ECF notification</u>

Dear Judge Román:

    As the Court is aware, I am Plaintiff's former counsel and seeking enforcement of my charging lien in this case.

    <u>Motion to Strike Opposition Papers</u>

    I received Plaintiff Furk's opposition papers on Monday and reviewed them today in connection with preparing a reply.   What I discovered is 1) that Ms. Furk has filed a cross-motion and 2) that Ms. Furk's opposition papers make repeated references to purported ethics accusations and complaints purportedly filed with the Grievance Committee of the N.Y.S. Appellate Division.  Both are improper and warrant this Court's action.

    First, the bulk of Ms. Furk's papers appear to be in support of her cross-motion. However, she did not obtain permission from the Court to file a motion (or "cross-motion") and I had no reason to anticipate one, since a charging lien application is not an appropriate time or place to make an affirmative claim (as it is the wrong forum).  Thus, Ms. Furk's opposition papers should be stricken on this basis alone.

    Second, and more offensive (and unlawful), Ms. Furk's submission directly contravenes the New York State Judiciary Law pertaining to attorney disciplinary matters and accusations. Ms. Furk alleges ethics violations on my part, including repeated references to whatever she may have sent to the N.Y.S. Grievance Committee.  This appears intended by her and her counsel to scurrilously disparage and vilify me (and baselessly so).  Yet I have done no ethical wrong and there have been and are <u>no</u> pending disciplinary proceedings resulting from any alleged complaint made by Ms. Furk).

    Thus, I request that the Court strike Ms. Furk's opposition papers in their entirety, or

alternatively, strike all references to purported complaints of professional misconduct. As Ms. Furk's attorney should know, professional disciplinary matters are required by law to be kept private and confidential. *See*, N.Y.S. Judiciary Law § 90 (10) ("… all records … upon any complaint or discipline of any attorney … shall be sealed and deemed private and confidential.").

<u>Attorney Diederich not being notified by ECF</u>

The Court previously directed the Court Clerk to resume ECF notifications to me in this case. When I filed my moving papers on ECF earlier today, I discovered that I am still not being notified (i.e., provided an ECF copy of my filing or, if filed, Ms. Furk's opposition).

I request that the Court's staff communicate with the Clerk to resolve this issue, so that I once again received ECF notifications (as I did when I was Plaintiff's counsel).

The Court's consideration is appreciated.

Respectfully submitted,
/S/
Michael D. Diederich, Jr.

cc: Bernard Weinreb, Esq.
    *Attorney for Plaintiff*
      via boruchw@cs.com *& ECF*
    Adam Rodd, Esq.
    *Attorney for Defendant*
      via arodd@drakeloeb.com *& ECF*

**BERNARD WEINREB**
ATTORNEY AT LAW

Tel (845) 369-1019
Fax (845) 369-3973
Email: boruchw@cs.com

2 PERLMAN DRIVE
SUITE 310
SPRING VALLEY, NY 10977

September 13, 2021

Honorable Nelson S. Roman
United States District Judge
U.S. District Court – SDNY
300 Quarropas Street
White Plains, NY 10601-4150

  Re: Furk v. Orange-Ulster Boces
    Case No.: 15 cv 6594 (NSR)(PED)

Dear Judge Roman:

  I am responding to the letter motion faxed and efiled to Your Honor by my adversary, Michael Diederich, Esq., this past Friday, September 10, 2021, in which he requests that Your Honor strike Plaintiff's Opposition on account of what Mr. Diederich claims were improper actions. These alleged improper actions are that we did not obtain permission from the Court to file a cross motion and that we disclosed to the Court the fact that Plaintiff, Marri Furk, filed a grievance with the Grievance Committee regarding Mr. Diederich. Mr. Diederich's claims lack merit and should be disregarded for the reasons discussed below.

  As to his claim that we should have sought permission from the Court, such permission should not be necessary since our issue is responsive and directly related to the claim for additional attorney's fees being made by Mr. Diederich. The same arguments we use to challenge Mr. Diederich's claim for additional attorney's fees – which is that he is not entitled to additional fees because his entire fee agreement was an unethical, illegal and unenforceable agreement – supports our claim that he should be required to refund the fees he already collected.[1] Thus, as this is basically an opposition paper, with the same arguments supporting our cross motion, a pre motion conference for such opposition/cross motion should not be needed.[2] In addition, Mr. Diederich was permitted to file his motion papers without a pre motion conference and, certainly with respect to our cross motion, such pre motion conference should not be required.

---

[1] Thus, Mr. Diederich's claim in his letter that the bulk of Ms. Furk's papers appear to be in support of her cross-motion is clearly incorrect, as all the arguments in our papers support our argument that Mr. Diederich is not entitled to additional fees.

[2] We also argued in our papers that Mr. Diederich is not entitled to additional fees because he was fired for cause. .

      Mr. Diederich also complains that Ms. Furk's submission contravenes section 90(10) of the New York State Judiciary Law pertaining to attorney disciplinary matters and accusations which states that all records ... upon any complaint or discipline of any attorney... shall be sealed and deemed private and confidential.

      Besides the fact that the language in the Judiciary Law quoted by Mr. Diederich appears to be geared to the Grievance Committee keeping proceedings confidential, but not others, the Court of Appeals for the State of New York specifically ruled in Wiener v. Weintraub, 22 NY2d 330 (1968), where the plaintiff sued a client for defamation for filing a grievance with the Grievance Committee, that "[t]here can, of course, be no doubt that statements made by counsel and parties in the course of 'judicial proceedings' are privileged as long as such statements 'are material and pertinent to the questions involved * * * irrespective of the motive' with which they are made." Wiener v. Weintraub, 22 N.Y.2d 330, 292 N.Y.S.2d 667, 239 N.E.2d 540 (N.Y. 1968). Thus there is an absolute privilege to disclose in a judicial proceeding the details of a grievance filed against an attorney, irrespective of motive. See, also, Kilkenny v. Law Office of Cushner & Garvey, LLP, 905 NYS2ed 661, 76 AD3d 512 (2d Dep't 2010)(same), and Bisogno. V. Borsa, 2012 Slip Op 8473, 101 AD3d 780, 954 NYS2d 896 (2d Dep't 2012) (no defamation claim where alleged defamatory statements were made in the course of a judicial or quasi judicial proceeding, as a matter of law, where material and pertinent to the issue to be resolved therein.), and Peck v. Peck, 2018 NY Misc. LEXIS 2011, 2018 NY Slip Op 30990(U)(the privilege advances the interest in permitting the zealous representation of clients without the fear of reprisal or financial hazard and, in light of this, the privilege is liberally applied). This case is a judicial proceeding, and as such, this information may be disclosed.

      The fact that Ms. Furk complained about Mr. Diederich's behavior towards her is relevant to her claim that she need not pay additional fees and/or should receive a refund of the fees she already paid him, as this fact supports her claim that she fired Mr. Diederich for just cause, that he committed ethical violations that would justify his forfeiture of fees and that Ms. Furk's filing of such complaint counters Mr. Diederich's account stated argument in that Ms. Furk obviously did not agree that he was entitled to additional fees as she had serious complaints regarding his representation.

      Finally, even if the Court were to agree with any of the arguments made by Mr. Diederich, this does not warrant striking her papers as it was clearly established that Mr. Diederich's fee agreement with Ms. Furk was unethical, illegal and unenforceable, and that Mr. Diederich was fired for cause.

      Notwithstanding all of the above, the undersigned is not challenging the portion of Mr. Diederich's letter motion in which he seeks to keep the grievance letter and the references to the grievance sealed.

                                          Respectfully,

                                          Bernard Weinreb

Cc: Michael Diederich, Esq.
    Adam Rodd, Esq.

**BERNARD WEINREB**

ATTORNEY AT LAW

Tel (845) 369-1019  
Fax (845) 369-3973  
Email: boruchw@cs.com

2 PERLMAN DRIVE  
SUITE 310  
SPRING VALLEY, NY 10977

September 15, 2021

Honorable Nelson S. Roman  
United States District Judge  
U.S. District Court – SDNY  
300 Quarropas Street  
White Plains, NY 10601-4150

    Re:  Furk v. Orange-Ulster Boces  
         Case No.: 15 cv 6594 (NSR)(PED)

Dear Judge Roman:

    In this letter, I am respectfully requesting that the Court accept the Cross Motion I filed on September 10, 2021 and served on September 3, 2021. Alternatively, if the Court does not accept the Cross Motion as filed, I respectfully request that the Court accept my previously filed papers as an opposition to Michael Diederich's motion papers and permit me to refile the Cross Motion as a separate new motion. I reached out to Mr. Diederich by email late yesterday to get his consent, but Mr. Diederich did not respond to my request.

    I apologize for not requesting permission prior to filing such cross motion. I was under the impression that such permission should not be necessary since our papers are essentially responsive and directly related to the claim for additional attorney's fees being made by Mr. Diederich. The same arguments we use to challenge Mr. Diederich's claim for additional attorney's fees – which is that he is not entitled to additional fees because his entire fee agreement was an unethical, illegal and unenforceable agreement – supports our claim that he should be required to refund the fees he already collected. Thus, as this is basically an opposition paper, with the same arguments supporting our cross motion, a pre motion conference for such opposition/cross motion should not be needed.[1]

    In addition, by the time I decided to proceed with a cross motion -- and I realized that such Cross Motion involved essentially the same arguments as I needed to oppose Mr. Diederich's motion, it was near the deadline to serve our opposition papers and I did not want to miss that deadline.

---

[1] We also argued in our papers that Mr. Diederich is not entitled to additional fees because he was fired for cause. .

Upon further reflection, I am uncertain whether my cross motion is different than a motion and that, perhaps, I need to seek approval from the Court. I am therefore now seeking permission for this motion now, by this letter. Again, I apologize for not coming to this realization earlier and seeking this permission earlier.

Please note that I will be out of my office the rest of the day today and tomorrow on account of Yom Kippur and will be out of my office from September 20 through September 28 on account of Succos.

Respectfully,

Bernard Weinreb

Cc: Michael Diederich, Esq.
Adam Rodd, Esq.